UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAKUBOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE CLENDENIN, et al.,<br><br>Defendants. | 1:23-cv-01087-JLT-SKO<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>(Doc. 8) |

Plaintiff David Jakubowski is a civil detainee proceeding pro se and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983.

**I.    BACKGROUND**

On February 1, 2024, this Court issued its First Screening Order. (Doc. 6.) The Court found the complaint fails to state a claim upon which relief can be granted. (*Id*. at 4-11.) Plaintiff was granted leave to file a first amended complaint, curing the deficiencies identified in the order, or, alternatively, a notice of voluntary dismissal, within 21 days. (*Id.* at 11-12.)

On March 4, 2024, when Plaintiff failed to file a first amended complaint or a notice of voluntary dismissal, the Court issued its Findings and Recommendations to Dismiss for Failure to Obey Court Order and Failure to Prosecute. (Doc. 8.) Later that same date, Plaintiff's first amended complaint was docketed and filed. (Doc. 9.)

**II.     DISCUSSION**

On February 1, 2024, Plaintiff was ordered to file a first amended complaint or a notice of voluntary dismissal "**[w]ithin 21 days** from the date of service of" the order. (*See* Doc. 6 at 7, emphasis in original.) The proof of service attached to Plaintiff's first amended complaint indicates it was not served until February 26, 2024, or four days after the 21-day deadline expired. (*See* Doc. 9 at 18.)

Plaintiff was advised in the Court's First Informational Order In Prisoner/Civil Detainee Civil Rights Case, issued July 21, 2023, that "[i]n litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 3 at 1.) That same order provides: "for purposes of application of the "Mailbox Rule," see Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009), on all documents filed with the Court, the pro se plaintiff must attach a Proof of Service, indicating the date on which the filing was turned over to prison authorities. A document submitted without proof of service may be stricken/returned *or if filed after the deadline, deemed not timely filed*." (*Id*. at 4, italics added.) Plaintiff was further advised that "[a]bsent good cause, all Court deadlines are strictly enforced. Requests for time extensions must be filed before the deadline expires and must state good reason for the request. Local Rule 144." (*Id*. at 5.) Because Plaintiff's proof of service is dated February 26, 2024, his first amended complaint was not timely filed.

The Court will nevertheless vacate its Findings issued March 4, 2024. Plaintiff is advised that a failure to comply with future court orders—particularly deadlines expressly imposed by court order—or the Federal Rules of Civil Procedure and this Court's Local Rules will result in a recommendation that this action be dismissed for his failure to comply with court orders.

//
//
//

2

### III. CONCLUSION AND ORDER

For the reasons given above**, IT IS HEREBY ORDERED** that:

1. The Findings and Recommendations issued March 4, 2024 (Doc. 8) are **VACATED**;
2. Plaintiff's first amended complaint (Doc. 9) will be screened in due course; and
3. Plaintiff is again advised that deadlines are strictly enforced. Should Plaintiff require more time to comply with a future court-imposed deadline, he should seek an extension of the deadline prior to its expiration or risk dismissal of this action.

IT IS SO ORDERED.

Dated:   **March 5, 2024**                         /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE