1
2
3
4
5
6
7                         UNITED STATES DISTRICT COURT
8                        EASTERN DISTRICT OF CALIFORNIA
9
10   DAVID JAKUBOWSKI,                          1:23-cv-01087-JLT-SKO
11                   Plaintiff,                 **ORDER TO SHOW CAUSE IN WRITING
                                                WHY ACTION SHOULD NOT BE
12        v.                                    DISMISSED FOR PLAINTIFF'S FAILURE
                                                TO OPPOSE DEFENDANT'S MOTION TO
13   STEPHANIE CLENDENIN, et al.,               DISMISS**
14                   Defendants.                **21-DAY DEADLINE**
15
16

17        Plaintiff David Jakubowski is a civil detainee proceeding pro se and *in forma pauperis* in

18   a civil rights action pursuant to 42 U.S.C. § 1983.

19        **I.       BACKGROUND**

20        In its Second Screening Order, the Court found Plaintiff's first amended complaint

21   plausibly alleged a Fourteenth Amendment due process violation against Defendant Price. (Doc.

22   11.) As a result, on April 18, 2025, the Court issued its Order Directing Service by the United

23   States Marshals Service Without Prepayment of Costs upon Defendant Brandon Price. (Doc. 14.)

24        On June 19, 2025, Defendant Price filed a Request for Judicial Notice in Support of

25   Motion to Dismiss. (Doc. 16 at 1-22.) As part of the judicial notice request, Defendant also

26   submitted a Memorandum of Points and Authorities in Support of Motion to Dismiss. (*See* Doc.

27   16-1 at 1-8.)

28   //

                                          1

On July 11, 2025, Defendant filed a Notice of Errata Regarding Notice of Motion and Motion to Dismiss. (Doc. 18.) Defendant sought to correct "the inadvertent omission of the Notice of Motion and Motion to Dismiss the Complaint in connection with Electronic Court Filing (ECF) number 16." (*Id*. at 2.) The notice of motion and motion to dismiss were concurrently filed and Plaintiff was served that same date. (*Id*. at 2-3 & Doc. 19.)

Although more than 21 days have passed since Defendant's service by mail of the Memorandum of Points and Authorities in support of the motion to dismiss (Doc. 16-1 [on 6/19/2025]) and/or the notice of errata (Docs. 18 & 19 [on 7/11/2025]), Plaintiff has failed to timely respond.

**II.    DISCUSSION**

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Further, this Court's Local Rules state:

> Opposition, if any, to the granting of a motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

1    *See* Local Rule 230(*l*). Therefore, Plaintiff's opposition or statement of non-opposition to

2    Defendant's pending motion to dismiss was due, at the latest, on or before August 1, 2025, plus

3    time for mailing. Plaintiff has failed to timely file an opposition or statement of non-opposition to

4    the motion, and the time to do so has now passed.

5        **III.    CONCLUSION AND ORDER**

6        Based on the foregoing, the Court **ORDERS** Plaintiff to show cause in writing, **within 21**

7    **days** of the date of service of this order, why sanctions should not be imposed for his failure to

8    comply with the Local Rules. Alternatively, within that same time, Plaintiff may file an

9    opposition or statement of non-opposition to Defendant's motion to dismiss.

10       **Plaintiff is advised that a failure to respond to this Order will result in a**

11   **recommendation that this action be dismissed for a failure to obey court orders and a**

12   **failure to prosecute.**

13

14   IT IS SO ORDERED.

15   Dated:  __**August 11, 2025**__          _/s/ Sheila K. Oberto_

16                                UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28