UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAKUBOWSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPHANIE CLENDENIN, et al.,<br><br>    Defendants. | 1:23-cv-01087-JLT-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff David Jakubowski is a civil detainee proceeding pro se and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Price on Plaintiff's Fourteenth Amendment due process violation.

**I.     RELEVANT BACKGROUND**

Following service, on June 19, 2025, Defendant Price filed a Request for Judicial Notice in Support of Motion to Dismiss. (Doc. 16.) Accompanying the filing was a Memorandum of Points and Authorities in Support of Motion to Dismiss. (Doc. 16-1.) A Certificate of Service was filed that same date reflecting the points and authorities and request for judicial notice were served on Plaintiff on June 19, 2025. (Doc. 17.)

On July 11, 2019, Defendant Price filed a notice of errata (Doc. 18), and a motion to dismiss (Doc. 19). As to the former, Defendant stated the notice was "to correct the inadvertent omission of the Notice of Motion and Motion to Dismiss," and those documents "should have

1  been filed with" the documents filed June 19, 2025. (Doc. 18 at 2.) The notice also states the
2  correction did "not, in any way, affect or otherwise alter the substance of the arguments"
3  concerning the dismissal motion. (Id.) As to the former, Defendant filed a document titled
4  "Notice of Motion and Motion to Dismiss." (Doc. 19.) Both filings include certificates of service
5  on Plaintiff. (Doc. 18 at 3 & Doc. 19 at 3.)

6  On August 12, 2025, when Plaintiff failed to file an opposition or statement of non-
7  opposition, the Court issued its Order to Show Cause in Writing Why Action Should Not be
8  Dismissed for Plaintiff's Failure to Oppose Defendant's Motion to Dismiss. (Doc. 20.)

9  On September 22, 2025, Plaintiff filed a document titled "Plaintiff's OSC Reply Why
10 Action Should Not Be Dismissed." (Doc. 21.)

11 **II.    DISCUSSION**
12     **A. Legal Standards**
13 The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide,
14 "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for
15 the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."
16 Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising
17 that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth.,*
18 *City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a
19 party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.,*
20 *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a
21 court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir.
22 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421,
23 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

24 In determining whether to dismiss an action, the Court must consider several factors:
25 (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
26 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
27 cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at
28 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B. Analysis**

Here, despite the assertion in his response to the OSC dated September 7, 2025, Plaintiff has failed to file an opposition to Defendant's motion to dismiss. Specifically, in his OSC response Plaintiff alleged he "received the Defendant's second motion to dismiss after the Defendants failed to send their first motion to him." (Doc. 21 at 2.) Plaintiff states he "mailed out a reply, which was sent back to the person conducting the service, which was received on September 10, 2025." (*Id*.) Next, Plaintiff asserts that he "will send the reply served pursuant to the mailbox rule on September 15, 2025 to the court and the Defendant's counsel." (*Id*.) Although Plaintiff stated he would file an opposition or "reply" to Defendant's motion to dismiss on September 15, 2025, an opposition to the pending motion has not been filed with the Court. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976). This Court's Local Rules provide, in relevant part, as follows:

> Opposition, if any, to the granting of [a] motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of non-opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

*See* Local Rule 230(*l*). Here, although more than two months have passed since the filing of Defendant's motion to dismiss , where this Court liberally used the July 11, 2025, filing date rather than the June 19, 2025, date for purposes of its calculation, Plaintiff has failed to comply. Moreover, although Plaintiff's OSC response stated he would file an opposition or "reply" to the pending motion to dismiss on September 15, 2025, he has failed to do so. His inaction amounts to an unreasonable delay in prosecuting this action resulting in a presumption of injury. Therefore,

1  the third factor, a risk of prejudice to defendants, also weighs in favor of dismissal. *Carey*, 856
2  F.2d at 1440.

3    The fourth factor usually weighs against dismissal because public policy favors
4  disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,
5  "this factor lends little support to a party whose responsibility it is to move a case toward
6  disposition on the merits but whose conduct impedes progress in that direction." *In re*
7  *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006)
8  (citation omitted). Simply put, by failing to file an opposition to Defendant's motion to dismiss,
9  Plaintiff is not moving this case forward and is impeding its progress. Thus, the fourth factor—the
10 public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*,
11 856 F.2d at 1440.

12   Finally, the Court's warning to a party that failure to obey the court's order will result in
13 dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.
14 Here, the Court's August 12, 2025, OSC directed Plaintiff to show cause in writing, or to file an
15 opposition or statement of non-opposition to Defendant's motion to dismiss, within 21 days.
16 (Doc. 20 at 3.) It also expressly warned: "**Plaintiff is advised that a failure to respond to this**
17 **Order will result in a recommendation that this action be dismissed for a failure to obey**
18 **court orders and a failure to prosecute**." (*Id.*, emphasis in original.) Additionally, in the Court's
19 First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued July 21, 2023,
20 Plaintiff was advised, in relevant part: "In litigating this action, the parties must comply with this
21 Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United
22 States District Court, Eastern District of California ("Local Rules"), as modified by this Order.
23 Failure to so comply will be grounds for imposition of sanctions which may include dismissal of
24 the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 3 at 1.) That same order advised that
25 "Local Rule 230(*l*) sets out the schedule for briefing motions" and that "all Court deadlines are
26 strictly enforced." (*Id.* at 5.)[1] Thus, Plaintiff had adequate warning that dismissal could result

---

[1] Notably too, that order additionally advised Plaintiff that a proof of service was required with each filing submitted to the Court. (*See* Doc. 3 at 4 [Service of Documents].) However, Plaintiff's response to the OSC does not include a proof of service. (*See* Doc. 21.)

from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with the Local Rules and this Court's orders, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Local Rules and the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.  CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey this Court's Local Rules and orders and for a failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  **September 29, 2025**            /s/ *Sheila K. Oberto*
                                                                                    UNITED STATES MAGISTRATE JUDGE